UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| KANDICE PULLEN | CIVIL ACTION NO. 14-390 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CADDO PARISH SCHOOL BOARD | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration filed by the Plaintiff, Kandice Pullen ("Pullen").[1] Pullen asks the Court to reconsider its July 2, 2015 Memorandum Ruling and Judgment that dismissed her claims.[2] Defendant, Caddo Parish School Board ("CPSB"), opposes the motion.[3] For the reasons that follow, the motion for reconsideration is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be either treated a motion to alter or amend pursuant to Rule 59(e) or as a motion for relief from judgment pursuant to Rule 60(b). Shepard v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). If the motion is filed within 28 days of the Court's judgment, then

---

[1] Record Document 47.

[2] Record Documents 45 and 46.

[3] Record Document 49.

Rule 59(e) applies. See <u>Ysais v. Richardson</u>, 603 F.3d 1175, 1178 & nn. 2-3 (10th Cir. 2010). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." <u>Templet v. HydroChem, Inc.</u>, 367 F.3d 473, 479 (5ht Cir. 2004). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest justice. <u>In re Benjamin Moore & Co.</u>, 318 F.3d 626, 629 (5th Cir. 2002).

The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." <u>Advocare Int'l LP v. Horizon Labs, Inc.</u>, 524 F.3d 679, 691 (5th Cir. 2008). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." <u>Templet</u>, 367 F.3d at 479. Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." <u>Id.</u>

In the motion for reconsideration, Pullen argues that the Court made a manifest error of law because there are genuine issues of material fact regarding the first prong of CPSB's <u>Ellerth/Faragher</u> affirmative defense. She argues that there are fact issues related to: (1) the dissemination of the CPSB sexual harassment policy; (2) CPSB's education of employees about the sexual harassment policy; (3) whether the CPSB sexual harassment

policy was conspicuously posted on bulletin boards; and (4) whether the posted policy was incomplete because no one was appointed to receive a sexual harassment complaint at the central office.[4] Pullen also argues that there was a manifest error as to the second prong of the Ellerth/Faragher affirmative defense because: (1) Pullen was unaware of the sexual harassment policy; and (2) the policy was ineffective in the central office.[5]

All of Pullen's arguments above present the same legal and factual arguments upon which she relied in her opposition briefs to the defendant's motion for summary judgment. This is merely a rearticulation of the same evidence and arguments the Court has already considered. The Court finds Pullen's motion for reconsideration is not well-founded, and the Court declines to revisit these claims. Accordingly, **IT IS ORDERED** that Plaintiff's Motion To Reconsider Summary Judgment be and is hereby **DENIED**.

Shreveport, Louisiana, this 31 day of August, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[4] Record Document 50.

[5] Record Document 47, pp. 19-22.